AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| STEVEN WILLIS (1) | Case Number: 3:25-CR-00749-RSH |
| | Anthony Edward Colombo |
| | Defendant's Attorney |

**USM Number** 66450-511

☐ -

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 21:841(a) and 846; 21:853 - Conspiracy to Distribute Marijuana | 1 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is   dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed

☐ JVTA Assessment*: $ 

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed   7/1/2025   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 11, 2025
Date of Imposition of Sentence

*/s/ Robert S. Huie*

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Steven Willis (1) | Judgment - Page **2** of 9 |
| CASE NUMBER: | 3:25-CR-00749-RSH | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8. The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Steven Willis (1) | Judgment - Page 3 of 9 |
| CASE NUMBER: | 3:25-CR-00749-RSH | |

## STANDARD CONDITIONS OF PROBATION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

| DEFENDANT: | Steven Willis (1) | Judgment - Page **4** of 9 |
|---|---|---|
| CASE NUMBER: | 3:25-CR-00749-RSH | |

## SPECIAL CONDITIONS OF PROBATION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration laws.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.
4. Provide complete disclosure of personal and business financial records to the probation officer as requested.
5. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation

//

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 25-cr-0749-RSH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| STEVEN WILLIS, | |
| Defendant. | |

WHEREAS, in the Information the United States sought forfeiture of all right, title and interest in specific property of Defendant STEVEN WILLIS ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation of Title 21, United States Code, Sections 841(a) and 846, and as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations of Title 21, United States Code, Sections 841(a) and 846, as set forth in Count 1 of the Information; and,

WHEREAS, on or about March 13, 2025, Defendant pled guilty before Magistrate Judge Michelle M. Pettit to Count 1 of the Information, consented to the forfeiture allegations of the Information, and agreed pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) to forfeit all properties seized in connection with this case including but not limited to the following:

a. $30,960.00 in U.S. Currency;
b. $300,150.00 in U.S. Currency;
c. Glock 27 Pistol, SN NRR319;
d. Glock 26 Pistol, SN BLXX383;
e. 9mm Ghost Gun pistol;
f. Polymer 80 9mm pistol;
g. Glock 21 pistol with 2 Serial Numbers, SN EVA712 and HFX395;
h. Nondescript 9mm pistol;
i. Strike Industry .233 cal rifle, SN S19032;
j. One-Thousand Five-Hundred and Forty-Eight (1548) Rounds of 9mm Ammunition;
k. Eighteen (18) Rounds of .40 cal Ammunition;
l. Nine-Hundred and Eleven (911) rounds of 5.56mm Ammunition;
m. Fifty (50) Rounds of 9mm Ammunition;
n. One-Hundred and Fifty (150) Rounds of 5.56mm Ammunition;
o. Miscellaneous gun parts, lower receiver, and firearm magazines;
p. Stamped 14k White Gold Diamond Ring, 4.89 ctw;
q. Stamped 10k White Gold Diamond Bracelet, 11.82 ctw;
r. Stamped 14k Gold Bracelet;
s. Stainless Steel Franck Muller Long Island Watch;
t. Breitling Chronometre Chronograph Watch; and
u. Gold plated bracelet with Cartier marking;

WHEREAS, on April 10, 2025, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited specific properties and the offenses; and,

1     WHEREAS, by virtue of said guilty pleas, the United States is now entitled to
2 possession of the above-referenced specific properties, pursuant to Title 21, United
3 States Code, Sections 853(a)(1) and 853(a)(2) and Rule 32.2(b) of the Federal Rules
4 of Criminal Procedure; and,
5     WHEREAS, the parties have agreed to the return of One (1) Rolex Datejust
6 watch, Serial Number: 24G95606 to Defendant; and
7     WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
8 authority to take custody of the above-referenced specific properties which are hereby
9 found forfeitable by the Court; and
10     WHEREAS, the United States, having submitted the Order herein to the
11 Defendant through his attorney of record, to review, and no objections having been
12 received;
13     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
14     1.    Based upon the guilty plea of the Defendant to Count 1 of the
15 Information, the United States is hereby authorized to take custody and control of the
16 following specific properties, and all right, title and interest of Defendant STEVEN
17 WILLIS in the following specific properties are hereby forfeited to the United States
18 pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) for
19 disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):
20     a.  $30,960.00 in U.S. Currency;
21     b.  $300,150.00 in U.S. Currency;
22     c.  Glock 27 Pistol, SN NRR319;
23     d.  Glock 26 Pistol, SN BLXX383;
24     e.  9mm Ghost Gun pistol;
25     f.  Polymer 80 9mm pistol;
26     g.  Glock 21 pistol with 2 Serial Numbers, SN EVA712 and HFX395;
27     h.  Nondescript 9mm pistol;
28     i.  Strike Industry .233 cal rifle, SN S19032;

    j. One-Thousand Five-Hundred and Forty-Eight (1548) Rounds of 9mm Ammunition;

    k. Eighteen (18) Rounds of .40 cal Ammunition;

    l. Nine-Hundred and Eleven (911) rounds of 5.56mm Ammunition;

    m. Fifty (50) Rounds of 9mm Ammunition;

    n. One-Hundred and Fifty (150) Rounds of 5.56mm Ammunition;

    o. Miscellaneous gun parts, lower receiver, and firearm magazines;

    p. Stamped 14k White Gold Diamond Ring, 4.89 ctw;

    q. Stamped 10k White Gold Diamond Bracelet, 11.82 ctw;

    r. Stamped 14k Gold Bracelet;

    s. Stainless Steel Frank Muller Long Island Watch;

    t. Breitling Chronometre Chronograph Watch; and

    u. Gold plated bracelet with Cartier marking.

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

3. The Court acknowledges the agreement between the parties to the return of One (1) Rolex Datejust watch, Serial Number: 24G95606 to Defendant.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

9. This order shall be incorporated and included as part of the judgment in this case when Defendant is sentenced.

DATED: 7/1/25

*Robert S. Huie*

Honorable Robert S. Huie
United States District Judge